IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

WANDA BAYLOR,

    Plaintiff,

       v.

WEGMAN'S FOOD MARKET INC.,

    Defendant.

CIVIL NO.: WDQ-14-3330

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Wanda Baylor, *pro se*, sued Wegman's Food Market, Inc. ("Wegman's") for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] the Age Discrimination in Employment Act of 1967 ("ADEA"),[2] and the Americans with Disabilities Act of 1990 ("ADA").[3] Pending are Wegman's motion to dismiss for, *inter alia*, insufficient service of process and Baylor's motion to stay. For the following reasons, service on Wegman's will be quashed, Wegman's motion will be denied, and Baylor's motion will be denied as moot.

---

[1] 42 U.S.C. §§ 2000e, *et seq.*

[2] 29 U.S.C. §§ 621, *et seq.*

[3] 29 U.S.C. §§ 701, *et seq.*

I.   Background[4]

On October 23, 2014, Baylor, an African American female,
filed a *pro se* complaint alleging that she "was subjected to
unlawful retaliation by [Wegman's] employees after filing
multiple complaints of unlawful practice to the employee hotline
and [the] EEOC." ECF No. 1 at 2-3.  Baylor listed three dates
on which she was threatened, "denied needed emergency medical
treatment," and "forced to work in a hostile environment." *Id*.
at 3.

On October 27, 2014, the Court granted Baylor leave to
proceed *in forma pauperis*. ECF No. 3.  The Court directed the
United States Marshal to effect service of process on Wegman's;
the Court noted that "[i]f service of process is made by mail,
the Marshal is reminded it must be made 'Restricted Delivery--
Return Receipt Requested.'" *Id*. at 1.  Baylor, "however,
[failed] to furnish a completed 285 U.S. Marshal service of
process form . . . ." *Id*.  Therefore, the Court directed Baylor
to file a completed form within 21 days or the complaint would

---

[4] On a motion to dismiss, the well-pled allegations in the
complaint are accepted as true. *Brockington v. Boykins*, 637
F.3d 503, 505 (4th Cir. 2011).  The Court will consider the
pleadings, matters of public record, and documents attached to
the motions that are integral to the complaint and whose
authenticity is not disputed. *See Philips v. Pitt Cnty. Mem'l
Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

be dismissed.  *Id.*  On November 20, 2014, the Court dismissed the complaint without prejudice.  ECF No. 4.

On December 15, 2014, Baylor moved to reopen the case because "she did not receive any correspondences [sic] from the [Court]" until the order dismissing the complaint.  ECF No. 5 at 1.  On December 18, 2014, the Court reopened the case and directed Baylor to complete the U.S. Marshal form.  ECF No. 6. On January 7, 2015, Baylor returned the executed summons.  ECF No. 9.

On January 30, 2015, Wegman's moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5) because service of process was not made by "Restricted Delivery" and under Rule 12(b)(6) because the complaint failed to state a claim for which relief could be granted.  ECF No. 11.  Baylor's response was due on February 17, 2015.  On February 19, 2015, Baylor moved to stay the case.[5]  ECF No. 17.  Baylor's motion responded to Wegman's arguments under Rule 12(b)(5), but requested an extension of time to file a response in opposition to the motion to dismiss for failure to state a claim.  ECF No. 17 at 2.

---

[5] Although Baylor captioned her motion as a motion to stay, she was actually requesting the Court for an extension of time and to delay ruling on the motion to dismiss until her opposition was filed.  *See* ECF No. 17 at 2.  Accordingly, the Court will consider Baylor's motion as a motion for extension of time.

II.  Analysis

  A. Standard of Review

Under Fed. R. Civ. P. 12(b)(5), a defendant may move to dismiss for insufficient service of process.  When service is contested, "the plaintiff bears the burden of establishing the validity of service" under Fed. R. Civ. P. 4.  *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006).

Under Rule 4, a corporation must be served by (1) delivering the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or (2) following the law of Maryland.  Fed. R. Civ. P. 4(e), (h).

Under Maryland law:

> Service is made upon a corporation . . . by serving its
> resident agent, president, secretary, or treasurer.  If the
> corporation . . . has no resident agent or if a good faith
> attempt to serve the resident agent, president, secretary,
> or treasurer has failed, service may be made by serving the
> manager, any director, vice president, assistant secretary,
> assistant treasurer, or other person expressly or impliedly
> authorized to receive service of process.

Md. R. 2-124(d). Maryland law also permits service to be effected by mailing the summons and complaint to "the person to be served[6] . . . by certified mail requesting: Restricted

---

[6] Such as an officer of the corporation.  *See Academy of IRM v. LVI Envtl. Servs., Inc.*, 344 Md. 434, 445-50, 687 A.2d 669, 674-77 (1997).

Delivery--show to whom, date, address of delivery." Md. R. 2-121(a).

When service of process gives the defendant "actual notice" of the action, Rule 4 may be liberally construed. *O'Meara*, 464 F. Supp. 2d at 476; *see also Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963). But "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Insufficient service of process does not necessarily warrant dismissal. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983). Instead, service may be quashed and the plaintiff allowed to properly serve the defendant. *See id.*

B. Wegman's Motion

Wegman's moves to dismiss for insufficient service because, although "the U.S. Marshals Service purported to 'serve' the Complaint via Certified Mail," it was not sent "Restricted Delivery" in accordance with Maryland law and the Court's October 27, 2014 order. *See* ECF No. 11 at 3. Alternatively, Wegman's argues that service should be quashed. *Id*. at 4.

Baylor did not comply with federal or Maryland law for effecting service. The Court directed that service of process effectuated by mail, "must be made 'Restricted Delivery--Return

5

Receipt Requested.'"[7]   ECF No. 3 at 1.   However, it appears that

Wegman's received actual notice because it alternatively moved

to dismiss for failure to state a claim.   ECF No. 11 at 4.[8]

Given Wegman's participation in this suit and Baylor's *pro se*

status, dismissal would be inappropriate.   *See Copeland v.

Ecolab*, No. 10-1158, 2011 U.S. Dist. LEXIS 50866, at *9 (D. Md.

May 11, 2011) (quashing service instead of granting a dismissal

because the defendant had participated in the case, and the

plaintiff was *pro se*).

Accordingly, Wegman's motion to dismiss for insufficient

service will be denied.[9]   However, because Baylor "may not

ignore[]" the rules for effecting service, service on Wegman's

will be quashed. *Armco*, 733 F.2d at 1089; *Vorhees*, 697 F.2d at

576.[10]   The Clerk shall re-issue summons, and the United States

---

[7] *See McCoy v. Clark*, No. 00-0900, 2009 U.S. Dist. LEXIS 70512,
at *2 n. 2 (D. Md. Aug. 11, 2009) (noting that some defendants
were improperly served because service was not made restricted
delivery).

[8] *See, e.g.*, *DeCosta v. U.S. Bancorp*, No. DKC 10-0301, 2010 WL
3824224, at *2 (D. Md. Sept. 27, 2010) (improperly served defen-
dant received actual notice "as evidenced by [its] motion to
dismiss [for failure to state a claim]").

[9] *See, e.g.*, *Ngabo v. Le Pain Quotidien*, No. DKC 11-0096, 2011 WL
978654, at *1–*2 (D. Md. Mar. 17, 2011) (quashing insufficient
service and providing *pro se* plaintiff another chance to
properly serve the defendant).

[10] Because service on Wegman's will be quashed, its motion to
dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be denied as
moot, without prejudice to its renewal if service is properly
made.   *See, e.g.*, *Witcher v. Mac Tools, Inc.*, 62 F.R.D. 708, 710

Marshals Service shall attempt to effect service on Wegman's in accordance with Rule 4 and Maryland law.

III. Conclusion

For the reasons stated above, service on Wegman's will be quashed, Wegman's motion to dismiss will be denied, and Baylor's motion for extension of time will be denied as moot.

_7/16/15_
Date

_____
William D. Quarles, Jr.
United States District Judge

(M.D.N.C. 1974).  Baylor's motion for an extension of time to reply to the 12(b)(6) motion is also rendered moot.