IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

WANDA BAYLOR,

    Plaintiff,

    v.                                   CIVIL NO.: WDQ-14-3330

WEGMAN'S FOOD MARKET INC.,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Wanda Baylor, *pro se*, sued Wegman's Food Market, Inc. ("Wegman's") for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] the Age Discrimination in Employment Act of 1967 ("ADEA"),[2] and the Americans with Disabilities Act of 1990 ("ADA").[3] Pending is Wegman's motion to dismiss for failure to state a claim. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, the motion will be granted.

---

[1] 42 U.S.C. §§ 2000e, *et seq*.

[2] 29 U.S.C. §§ 621, *et seq*.

[3] 29 U.S.C. §§ 701, *et seq*.

I.   Background[4]

On October 23, 2014, Baylor, an African American female, filed a *pro se* complaint alleging that she "was subjected to unlawful retaliation by [Wegman's] employees after filing multiple complaints of unlawful practice to the employee hotline and [the] EEOC."  ECF No. 1 at 2-3.  Baylor listed three dates on which she was threatened, "denied needed emergency medical treatment," and "forced to work in a hostile environment."  *Id.* at 3.  The complaint contains no other factual allegations.  *See id.* at 2-3.  For the cause of action, Baylor checked the boxes for race discrimination and retaliation under Title VII, age discrimination under the ADEA, and disability discrimination under the ADA."[5]  *Id.* at 1-2.

On October 27, 2014, the Court granted Baylor leave to proceed *in forma pauperis*.  ECF No. 3.  On November 20, 2014, the Court dismissed the complaint without prejudice because of

---

[4] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true.  *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).  The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[5] Under the "Other" section of causes of action, Baylor wrote that she "was denied emergency medical treatment; threaten[ed] with bodily harm w[ith] intent to invoke physical death, denied work & accommodations, retaliation, harassed, blackmailed, lied [to] after complaint filings, [and] forced to work in a hostile environment."  ECF No. 1 at 2.

Baylor's failure to serve Wegman's. ECF No. 4. On December 15, 2014, Baylor moved to reopen the case because "she did not receive any correspondences [sic] from the [Court]" until the order dismissing the complaint. ECF No. 5 at 1. On December 18, 2014, the Court reopened the case. ECF No. 6.

On January 30, 2015, Wegman's moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5) because service of process was not made by "Restricted Delivery" and under Rule 12(b)(6) because the complaint failed to state a claim for which relief could be granted. ECF No. 11. Baylor's response was due on February 17, 2015. On February 19, 2015, Baylor moved to stay the case.[6] ECF No. 17. Baylor's motion responded to Wegman's arguments under Rule 12(b)(5), but requested an extension of time to file a response in opposition to the motion to dismiss for failure to state a claim. ECF No. 17 at 2. On July 16, 2015, the Court quashed service of process, but declined to dismiss the case. ECF Nos. 19-20. The Court also denied Wegman's motion to dismiss and Baylor's motion to stay as moot. *See id*.

On July 27, 2015, service was properly executed upon Wegman's. ECF No. 22. On August 10, 2015, Wegman's moved to

---

[6] Although Baylor captioned her motion as a motion to stay, she was actually requesting the Court for an extension of time and to delay ruling on the motion to dismiss until her opposition was filed. See ECF No. 17 at 2. Accordingly, the Court will consider Baylor's motion as a motion for extension of time.

dismiss for failure to state a claim. ECF No. 23. Baylor's response was due on August 27, 2015, and, on August 11, 2015, the Clerk of the Court mailed Baylor a Rule 12/56 letter informing Baylor of her right to file a response and the consequences if Wegman's motion was granted. ECF No. 24. Baylor has not filed an opposition or taken any other action in this case.

II. Analysis

   A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action can be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

When dealing with a *pro se* plaintiff, the Court construes the complaint liberally. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*

B. Wegman's Motion

To survive a motion to dismiss in an employment discrimination suit, plaintiffs need not allege facts establishing a *prima facie* case under the burden-shifting framework stated in *McDonnell Douglas*. *See Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 510-11, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). However, plaintiffs must plead sufficient facts "to satisfy the elements of a cause of action created by [the applicable] statute." *McCleary-Evans*, 780 F.3d at 585 (to survive dismissal, plaintiff must plausibly allege that her employer "'fail[ed] or refus[ed] to hire' her 'because of [her] race'")(*quoting* 42 U.S.C. § 2000e-2(a)(1)(emphasis omitted)).

Even construed liberally because of Baylor's *pro se* status, there are not sufficient facts in the complaint to support her claims.[7] Further, Baylor has failed to take any action in this case which could lead the Court to conclude that she would have the ability to plead these claims if given leave to amend. Accordingly, the Court will grant Wegman's motion to dismiss.

---

[7] Baylor has failed to plead that she was subject to an adverse employment action because of her race or age or participation in a protected activity to support her claims under Title VII and the ADEA. *See McCleary-Evans*, 780 F.3d at 584-86; *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284-85 (4th Cir. 2004) (elements of discrimination claim); *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th 2005) (elements of retaliation claim). Baylor pled the elements of a hostile work environment. *See Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183-84 (4th Cir. 2001). Nor has Baylor pled sufficient facts to establish that she has a disability under the ADA. *See* 42 U.S.C. § 12112(a); *Feldman v. Law Enforcement Associates Corp.*, 955 F. Supp. 2d 528, 539 (E.D.N.C. 2013).

III. Conclusion

For the reasons stated above, Wegman's motion to dismiss will be granted.

_____1/13/16_____  
Date

_____/s/_____  
William D. Quarles, Jr.  
United States District Judge